**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPECTRUM Commercial Finance, LLC,<br>8120 Penn Avenue South, Suite 380<br>Bloomington, Minnesota 55431, | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | |
| vs. | : <br> : | Case No. |
| Schwebel Baking Company<br>c/o Statutory Agent<br>Steven P. Cooper<br>965 E. Midlothian Blvd.<br>PO Box 6018<br>Youngstown, OH 44501, | : <br> : <br> : <br> : <br> : <br> : <br> : | Judge |
| and | : <br> : | |
| Schwebel Baking Company of N.Y., Inc.<br>c/o Statutory Agent<br>Steven P. Cooper<br>965 E. Midlothian Blvd.<br>PO Box 6018<br>Youngstown, OH 44501, | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| Schwebel Baking Company of PA.<br>c/o Statutory Agent<br>Steven P. Cooper<br>965 E. Midlothian Blvd.<br>PO Box 6018<br>Youngstown, OH 44501, | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| SBC Transportation, Inc.<br>c/o Statutory Agent<br>Steven P. Cooper<br>965 E. Midlothian Blvd.<br>PO Box 6018<br>Youngstown, OH 44501, | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| and | : | |

4902-2118-3164

|  | : |
|---|---|
| **SBC Transportation of PA, Inc.** | : |
| **c/o Statutory Agent** | : |
| **Steven P. Cooper** | : |
| **965 E. Midlothian Blvd.** | : |
| **PO Box 6018** | : |
| **Youngstown, OH 44501,** | : |
|  | : |
| **Defendants.** | : |

## COMPLAINT ON CREDIT AGREEMENT, GUARANTIES, AND SECURITY AGREEMENTS

Plaintiff SPECTRUM Commercial Finance, LLC ("Spectrum" or "Lender"), for its Complaint against Schwebel Baking Company ("Borrower"), Schwebel Baking Company of N.Y., Inc. ("SBC NY"), Schwebel Baking Company of PA. ("SBC PA"), SBC Transportation, Inc. ("SBC Transportation"), and SBC Transportation of PA, Inc. ("SBC Transportation PA," and collectively with SBC NY, SBC PA, and SBC Transportation, the "Guarantors," and together with Borrower, the "Obligors"), states as follows:

## THE PARTIES

1. Spectrum is a Louisiana limited liability company with its mailing address and principal place of business at 8120 Penn Avenue South, Suite 380, Bloomington, Minnesota 55431.

2. Borrower is an Ohio corporation with its mailing address and principal place of business at 965 East Midlothian Blvd., Youngstown, Ohio 44502.

3. SBC NY is a New York corporation and is a guarantor of Borrower's obligations to Spectrum.

4. SBC PA is a Pennsylvania corporation and is a guarantor of Borrower's obligations to Spectrum.

5.  SBC Transportation is an Ohio corporation and is a guarantor of Borrower's obligations to Spectrum.

6.  SBC Transportation PA is a Pennsylvania corporation and is a guarantor of Borrower's obligations to Spectrum.

## JURISDICTION AND VENUE

7.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Spectrum and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.  This Court has personal jurisdiction over Borrower because Borrower is an Ohio corporation with its principal place of business in Youngstown, Ohio and because the claims arise from Borrower's obligations under the Loan Documents (as defined below).

9.  Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Spectrum's claims occurred in this District, Borrower maintains its principal place of business in this District, and collateral securing the obligations is located in this District.

## BACKGROUND FACTS

10.  On or about February 4, 2025, Borrower executed and delivered to Spectrum a General Credit and Security Agreement, a copy of which is attached as Exhibit 1 (including subsequent modifications and amendments, the "Credit Agreement").

11.  Under the Credit Agreement, Spectrum agreed, subject to the terms and conditions stated therein, to make loans, advances, and other financial accommodations to Borrower.

12.  The Credit Agreement defines "Obligations" to include all present and future sums loaned or advanced by Spectrum to Borrower and all other obligations and liabilities of Borrower

to Spectrum arising under the Credit Agreement or any other agreement between Spectrum and Borrower or any Guarantor.

13. As security for the Obligations, Borrower granted Spectrum a security interest in substantially all of Borrower's personal property, including, without limitation, accounts, receivables, inventory, equipment, general intangibles, deposit accounts, investment property, cash and non-cash proceeds, and other collateral described in the Credit Agreement (the "Borrower Collateral").

14. Spectrum perfected its security interest in the Borrower Collateral by filing a UCC-1 financing statement with the Ohio Secretary of State on January 3, 2025, filing number OH00287092533, a copy of which is attached as Exhibit 2.

15. On or about February 4, 2025, SBC NY executed a Guaranty by Corporation in favor of Spectrum, a copy of which is attached as Exhibit 3 (the "SBC NY Guaranty").

16. On or about February 4, 2025, SBC NY executed a Security Agreement in favor of Spectrum, a copy of which is attached as Exhibit 4 (the "SBC NY Security Agreement"), granting Spectrum a security interest in substantially all of SBC NY's personal property, including accounts, receivables, inventory, equipment, general intangibles, deposit accounts, investment property, and proceeds (the "SBC NY Collateral"). Spectrum perfected its security interest in the SBC NY Collateral by filing a UCC-1 financing statement with the New York Department of State on January 3, 2025, filing number 202501038003703, a copy of which is attached as Exhibit 5.

17. On or about February 4, 2025, SBC PA executed a Guaranty by Corporation in favor of Spectrum, a copy of which is attached as Exhibit 6 (the "SBC PA Guaranty").

18. On or about February 4, 2025, SBC PA executed a Security Agreement in favor of Spectrum, a copy of which is attached as Exhibit 7 (the "SBC PA Security Agreement"), granting

4

Spectrum a security interest in substantially all of SBC PA's personal property, including accounts, receivables, inventory, equipment, general intangibles, deposit accounts, investment property, and proceeds (the "SBC PA Collateral"). Spectrum perfected its security interest in the SBC PA Collateral by filing a UCC-1 financing statement with the Pennsylvania Department of State on January 3, 2025, filing number 20250103001209, a copy of which is attached as Exhibit 8.

19.     On or about February 4, 2025, SBC Transportation executed a Guaranty by Corporation in favor of Spectrum, a copy of which is attached as Exhibit 9 (the "SBC Transportation Guaranty").

20.     On or about February 4, 2025, SBC Transportation executed a Security Agreement in favor of Spectrum, a copy of which is attached as Exhibit 10 (the "SBC Transportation Security Agreement"), granting Spectrum a security interest in substantially all of SBC Transportation's personal property, including accounts, receivables, inventory, equipment, general intangibles, deposit accounts, investment property, and proceeds (the "SBC Transportation Collateral"). Spectrum perfected its security interest in the SBC Transportation Collateral by filing a UCC-1 financing statement with the Ohio Secretary of State on January 3, 2025, filing number FS OH00287092533, a copy of which is attached as Exhibit 11.

21.     On or about February 4, 2025, SBC Transportation PA executed a Guaranty by Corporation in favor of Spectrum, a copy of which is attached as Exhibit 12 (the "SBC Transportation PA Guaranty," and together with the SBC NY Guaranty, SBC PA Guaranty, and SBC Transportation Guaranty, the "Guaranties").

22.     On or about February 4, 2025, SBC Transportation PA executed a Security Agreement in favor of Spectrum, a copy of which is attached as Exhibit 13 (the "SBC Transportation PA Security Agreement," and together with the SBC NY Security Agreement, SBC

5

PA Security Agreement, and SBC Transportation Security Agreement, the "Guarantor Security Agreements"), granting Spectrum a security interest in substantially all of SBC Transportation PA's personal property, including accounts, receivables, inventory, equipment, general intangibles, deposit accounts, investment property, and proceeds (the "SBC Transportation PA Collateral"). Spectrum perfected its security interest in the SBC Transportation PA Collateral by filing a UCC-1 financing statement with the Pennsylvania Department of State on January 3, 2025, filing number 20250103001209, a copy of which is attached as Exhibit 14.

23. On or about December 9, 2025, Borrower and Spectrum executed the First Amendment to General Credit and Security Agreement, and the Guarantors executed a Guarantor Reaffirmation and Consent, a copy of which is attached as Exhibit 15 (the "First Amendment").

24. The First Amendment modified, among other things, the Borrowing Base, the Cash Deposit Account definition, the Maximum Principal Amount, and the interest provisions of the Credit Agreement. In the First Amendment, the Guarantors acknowledged and reaffirmed their obligations to Spectrum under their respective Guaranties and other Loan Documents.

25. Borrower defaulted under the Credit Agreement and the other Loan Documents, and the Guarantors defaulted under their respective Guaranties and the other Loan Documents.

26. On or about June 23, 2026, Spectrum, Borrower, and the Guarantors executed a Forbearance Agreement, a copy of which is attached as Exhibit 16 (the "Forbearance Agreement").

27. In the Forbearance Agreement, the Obligors acknowledged that the Loan Documents were due and payable, absent the provisions of the Forbearance Agreement, without any claims, defenses, counterclaims, offsets, cross-complaints, or demands of any kind or nature whatsoever.

28.     In the Forbearance Agreement, the Obligors further acknowledged that, as of May 31, 2026, the total indebtedness outstanding under the Credit Agreement was $5,366,781.11, exclusive of additional accrued interest, costs, expenses, and attorneys' fees.

29.     Under the Forbearance Agreement, Spectrum agreed to forbear from enforcement during the Forbearance Period, subject to the Obligors' strict compliance with the Forbearance Agreement and the Loan Documents, including the revenue, expense, payment, reporting, collateral, and payoff requirements stated therein.

30.     The Forbearance Period expires on the earlier of an Event of Default under the Forbearance Agreement or August 8, 2026.

31.     The Forbearance Agreement provides that the Indebtedness must be paid in full by August 8, 2026, and that upon an Event of Default or expiration of the Forbearance Period, Spectrum is immediately entitled to the full default rate and all rights and remedies under the Loan Documents and applicable law.

32.     The Credit Agreement, the Guaranties, the Guarantor Security Agreements, the First Amendment, the Forbearance Agreement, and all related documents and agreements are collectively referred to as the "Loan Documents." Spectrum is the holder and owner of the Loan Documents and is entitled to enforce the Loan Documents according to their terms.

33.     The Obligors failed to satisfy their obligations under the Loan Documents and the Forbearance Agreement, and the Indebtedness remains due and owing.

34.     Spectrum declared a default under the Loan Documents; see the Notice of Default, attached hereto as Exhibit 17.

**FIRST CAUSE OF ACTION**
**JUDGMENT AGAINST BORROWER ON CREDIT AGREEMENT**

35.     Spectrum incorporates the allegations in each of the foregoing paragraphs as if fully restated herein.

36.     Borrower executed and delivered the Credit Agreement, as amended by the First Amendment and as addressed in the Forbearance Agreement.

37.     Borrower is in default under the Credit Agreement and the other Loan Documents.

38.     All amounts due under the Credit Agreement and the other Loan Documents are due and remain unpaid.

39.     Spectrum is entitled to judgment against Borrower in the outstanding principal amount of not less than $3,761,977.41 as of July 14, 2026, plus accrued and accruing interest, default interest, late charges, fees, costs, expenses, and attorneys' fees, less any credits or payments, in an amount to be proven at trial or by further proceedings.

**SECOND CAUSE OF ACTION**
**JUDGMENT AGAINST GUARANTORS ON GUARANTIES**

40.     Spectrum incorporates the allegations in each of the foregoing paragraphs as if fully restated herein.

41.     Each Guarantor executed and delivered its respective Guaranty to Spectrum.

42.     In the First Amendment, each Guarantor reaffirmed its obligations under its respective Guaranty and the other Loan Documents.

43.     Borrower is in default under the Credit Agreement and the other Loan Documents.

44.     The Guarantors are in default under their respective Guaranties and the other Loan Documents.

45.     By virtue of the Guaranties, the Guarantors are jointly and severally obligated to Spectrum for Borrower's Obligations.

46. Spectrum is entitled to judgment against the Guarantors, jointly and severally, in the outstanding principal amount of not less than $3,761,977.41 as of July 14, 2026, plus accrued and accruing interest, default interest, late charges, fees, costs, expenses, and attorneys' fees, less any credits or payments, in an amount to be proven at trial or by further proceedings.

**THIRD CAUSE OF ACTION**
**ENFORCEMENT OF SECURITY INTERESTS AND RIGHTS OF SECURED PARTY**

47. Spectrum incorporates the allegations in each of the foregoing paragraphs as if fully restated herein.

48. Spectrum holds valid and perfected security interests in the Borrower Collateral, SBC NY Collateral, SBC PA Collateral, SBC Transportation Collateral, and SBC Transportation PA Collateral (collectively, the "Collateral").

49. Borrower and the Guarantors are in default under the Loan Documents.

50. Under the Loan Documents and applicable law, Spectrum has all rights and remedies of a secured party, including the right to take possession of the Collateral and dispose of the Collateral in a commercially reasonable manner.

51. Spectrum is entitled to judgment authorizing it to exercise all rights and remedies available under the Loan Documents and applicable law with respect to the Collateral, including possession and disposition of the Collateral in a commercially reasonable manner.

WHEREFORE, Spectrum requests judgment in its favor and against Defendants as follows:

A. On the First Cause of Action, judgment against Borrower in the outstanding principal amount of not less than $3,761,977.41 as of July 14, 2026, plus accrued and accruing interest, default interest, late charges, fees, costs, expenses, and attorneys' fees, less any credits or payments, in an amount to be proven at trial or by further proceedings;

9

B.      On the Second Cause of Action, judgment against the Guarantors, jointly and severally, in the outstanding principal amount of not less than $3,761,977.41 as of July 14, 2026, plus accrued and accruing interest, default interest, late charges, fees, costs, expenses, and attorneys' fees, less any credits or payments, in an amount to be proven at trial or by further proceedings;

C.      On the Third Cause of Action, judgment authorizing Spectrum to exercise all rights and remedies of a secured party under the Loan Documents and applicable law, including the right to take possession of and dispose of the Collateral in a commercially reasonable manner;

D.      An award of Spectrum's costs, expenses, and reasonable attorneys' fees as provided in the Loan Documents and applicable law;

E.      Pre-judgment and post-judgment interest at the applicable contractual and/or statutory rates; and

F.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  July 14, 2026

/s/  Christopher W. Tackett
Christopher W. Tackett (0087776)
Matthew T. Schaeffer (0066750)
Adam J. Biehl (0064836), pro hac to be
    submitted
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, OH 43215
(614) 229-3289 / Fax: (614) 221-0479
E-Mail:  abiehl@baileycav.com
                mschaeffer@baileycav.com

*and*

Robert B. Berner (0020055), pro hac to be
   submitted
Bailey Cavalieri LLC
409 East Monument Street, Suite 103
Dayton, Ohio 45402
(937) 223-4701/ Fax: (937) 223-0170
E-Mail:  rberner@baileycav.com

*Counsel for SPECTRUM Commercial
Finance, LLC*

11

## <u>COMPLAINT ON CREDIT AGREEMENT, GUARANTIES, AND SECURITY AGREEMENTS</u>

### <u>EXHIBIT LIST</u>

| <u>Exhibit No.</u> | <u>Description</u> |
|---|---|
| 1 | General Credit and Security Agreement dated February 4, 2025 |
| 2 | UCC-1 Financing Statement filed with the Ohio Secretary of State on January 3, 2025, filing number FS OH00287092533 (Borrower Collateral) |
| 3 | Guaranty by Corporation executed by Schwebel Baking Company of N.Y., Inc. |
| 4 | Security Agreement executed by Schwebel Baking Company of N.Y., Inc. |
| 5 | UCC-1 Financing Statement filed with the New York Department of State on January 3, 2025, filing number 202501038003703 (SBC NY Collateral) |
| 6 | Guaranty by Corporation executed by Schwebel Baking Company of PA |
| 7 | Security Agreement executed by Schwebel Baking Company of PA |
| 8 | UCC-1 Financing Statement filed with the Pennsylvania Department of State on January 3, 2025, filing number 20250103001209 (SBC PA Collateral) |
| 9 | Guaranty by Corporation executed by SBC Transportation, Inc. |
| 10 | Security Agreement executed by SBC Transportation, Inc. |
| 11 | UCC-1 Financing Statement filed with the Ohio Secretary of State on January 3, 2025, filing number FS OH00287092533 (SBC Transportation Collateral) |
| 12 | Guaranty by Corporation executed by SBC Transportation of PA, Inc. |
| 13 | Security Agreement executed by SBC Transportation of PA, Inc. |
| 14 | UCC-1 Financing Statement filed with the Pennsylvania Department of State on January 3, 2025, filing number 20250103001209 (SBC Transportation PA Collateral) |
| 15 | First Amendment to General Credit and Security Agreement dated December 9, 2025 and Guarantor Reaffirmation and Consent |
| 16 | Forbearance Agreement dated June 23, 2026 |
| 17 | Notice of Default |

4902-2118-3164