**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPECTRUM COMMERCIAL FINANCE, LLC, | : | Case No.: 4:26-cv-01628 |
| Plaintiff, | : | Judge John R. Adams |
| v. | : | Magistrate Judge Carmen E. Henderson |
| SCHWEBEL BAKING COMPANY, *et al.*, | : | |
| Defendants. | : | |

**MOTION OF RECEIVER FOR ENTRY OF AN ORDER (I) ESTABLISHING A BAR DATE FOR FILING PROOFS OF CLAIM, (II) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

KCP Advisory Group LLC (the "Receiver"), the duly appointed and acting receiver for the receivership estate of Defendant Schwebel Baking Company and its affiliated defendants (collectively, the "Receivership Entities" or "SBC"), by and through its undersigned counsel, respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Bar Date Order"), and states as follows:

## RELIEF REQUESTED

1. By this Motion, the Receiver seeks entry of the Bar Date Order: (a) establishing **October 15, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "Claim Bar Date") as the last date and time by which each person or entity holding or asserting a claim against any of the Receivership Entities or the receivership estate arising prior to July 21, 2026 (the "Receivership Date") must file a written proof of claim; (b) approving the proposed proof of claim form attached to the Bar Date Order as **Exhibit 1** (the "Proof of Claim Form"); (c) approving the proposed form



21719706

and manner of notice of the Bar Date, substantially in the form attached to the Bar Date Order as **Exhibit 2** (the "Bar Date Notice"); and (d) granting related relief.

## JURISDICTION AND BACKGROUND

2. This Court has jurisdiction over this matter and authority to grant the relief requested herein pursuant to its general equity jurisdiction, the provisions of Ohio Revised Code Chapter 2735 (R.C. § 2735.01 *et. seq*.), its authority over the receivership estate, and the terms of the *Agreed Order Appointing Receiver* [ECF No. 9] (the "Receiver Order"). Venue is proper in this District.

3. This case commenced on July 16, 2026, with the filing by Plaintiff Spectrum Commercial Finance, LLC ("Spectrum") of its *Complaint on Credit Agreement, Guaranties and Security Agreements* [ECF No. 1] against the Receivership Entities. Spectrum asserts that it holds a lien on substantially all assets of the Receivership Entities as security for its claim.

4. Also on July 16, 2026, Spectrum filed the *Emergency Motion of Spectrum Commercial Finance, LLC for Appointment of a Receiver* [ECF No. 3].

5. On July 21, 2026, the Court entered the Receiver Order, appointing KCP Advisory Group LLC, through Jacen Dinoff, as Receiver and vesting in the Receiver all of the Receivership Entities' assets, and directing the Receiver to take exclusive custody, control, and possession of all property in the possession of, or under the control of, SBC. *See* Receiver Order, ¶¶ 2, 9.

6. Since his appointment, the Receiver has taken possession of the Receivership Entities' assets, undertaken to marshal and preserve estate property, and begun the orderly administration and wind-down of the Receivership Entities' affairs. To administer the estate efficiently and to determine, evaluate, and reconcile the claims asserted against the Receivership

Entities, the Receiver requires an orderly claims process with a fixed deadline by which claims must be submitted.

**THE CLAIM FORM**

7. The Receiver requests that (except as noted below) all Claimants who wish to participate in any distribution of the Receivership Estates' funds be required to submit a completed Claim Form, on or before the Claim Bar Date (as defined above), in a form attached to the Bar Date Order as **Exhibit 1**. The Claim Form attached to the Bar Date Order as Exhibit 1 includes a set of proposed instructions (the "Instructions"). Claimants that fail to timely file a Claim Form according to those instructions should be forever barred from asserting a Claim against the Receivership Estates, or the property owned or possessed by the Receivership Estates.

8. The Claim Form requires, among other things, that Claimants (i) submit current contact information; (ii) designate the entity their Claim is against; (iii) provide detail and documentation concerning the basis and type of Claim asserted; and (iv) designate whether the Claimant asserts any secured or specific claim to the property owned or possessed by the Receivership Estates.

**CLAIMS REVIEW AND OBJECTION PROCEDURE**

9. The Receiver estimates that there may be more than 400 known creditors of Schwebel Baking Company alone. The Receiver believes the following summary Claims Procedures will be more efficient. Because of the anticipated volume of Claims, the Receiver proposes that Claim Forms be submitted directly to the Receiver and not filed with the Court.

10. The Receiver will review the Claim Forms and reconcile them against records in the possession of the Receiver and/or the Receivership Estates. The Receiver will make an initial determination regarding whether to object to a given Claim on any grounds, including (i)

discrepancies between the amount claimed and the amount reflected in the records in the possession of the Receiver and/or the Receivership Estates, (ii) duplication of another Claim, (iii) disputes regarding the nature of the asserted Claim, and/or (iv) the failure of a Claimant to timely file its Claim Form.

11. Following the Receiver's initial review, the Receiver will, as necessary, object to Claims ("Objections"). For the sake of efficiency and the Court's convenience, the Receiver will endeavor (when appropriate) to group similar objections together by filing one or more omnibus objections to Claims ("Omnibus Objections"). Allowing Omnibus Objections will enable the Receiver to avoid burdening the Court's docket with numerous individual objections based on substantially similar legal premises, and in doing so will prevent unnecessary waste and expense.

12. The Receiver will serve Objections on each affected Claimant via First Class mail, at the address of the Claimant given in the Claim Form, as well as CM/ECF notice if applicable. Objections shall provide a brief description of the basis of the objection(s), and inform Claimant that it must respond to the Objection within thirty (30) days of service of the Objection, or the Claim in question shall be disallowed. As specifically set out in the Claim Form, by filing a Claim Form, the Claimant will have submitted to this Court's non-exclusive jurisdiction for purposes of resolving the Claim and any related setoff or counterclaim. If the Receiver resolves an Objection through settlement, the Receiver will file a notice of settlement on limited notice to Plaintiff and the Defendants, the parties affected by the Objection and such other parties in interest as this Court may direct and then submit stipulated orders to the Court for approval of such settlements if no response or objection to the proposed settlement is filed within ten (10) days of the date of service.

13. In the event the Receiver is unable to resolve a disputed claim, the Receiver will request a preliminary hearing on at least fifteen (15) days' notice to resolve such dispute and to determine appropriate procedures for resolving such dispute.

14. Once all of the Claims have been reconciled, the Receiver will separately seek Court approval of a plan of distribution to Claimants with allowed claims, before making any distributions.

## THE PROPOSED CLAIMS BAR DATE

15. The Receiver requests that the Court establish **October 15, 2026 at 5:00 p.m. (prevailing Eastern Time)** as the Bar Date. The proposed Claim Bar Date is more than 30 days from the filing of this Motion and, as discussed herein, will permit ample time for notice to be given to creditors.

16. Except as otherwise set forth herein, the Bar Date would apply to every person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) holding or asserting a claim of any kind against any of the Receivership Entities or the receivership estate that arose, or is deemed to have arisen, prior to the Receivership Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and contingent, unliquidated, or disputed claims.

17. As used herein, the term "claim" means any right to payment or right to an equitable remedy for breach of performance giving rise to a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

18. The proposed Bar Date affords all claimants ample time to review their records, prepare, and submit proofs of claim, while permitting the Receiver to determine the universe of

claims against the estate, evaluate the estate's liabilities, and administer and ultimately distribute the estate in an orderly and cost-effective manner. As set forth below, the Bar Date Notice will be served on known claimants not less than thirty (30) days before the Bar Date.

19. The Receiver requests that the order provide that all Claimants must file their Claim Forms with the Receiver as provided in the Instructions, so that the Claim Forms are received by the Receiver on or before the Claim Bar Date. The Receiver proposes to accept Claim Forms via first class regular mail, facsimile, electronic mail or messenger, or overnight courier.

20. The Receiver also requests that any order granting this Motion provide that a Claimant's failure to timely submit a Claim Form by the Claim Bar Date will result in the Claimant being forever barred from seeking or pursuing recovery on any Claim the Claimant may hold or assert against or in the Receivership Estate, and any claim to specific property owned or possessed by the Receivership Estates.

21. The establishment of a Claim Bar Date is necessary to provide certainty and finality to the claim reconciliation process. In addition, determining the Claim against the Receivership Estates will enable the Receiver to formulate distribution procedures in connection with a plan of distribution.

## <u>PROCEDURES FOR FILING PROOFS OF CLAIM</u>

### ***A. Parties Required to File Proofs of Claim.***

22. Except as otherwise set forth herein, the Receiver proposes that the following persons and entities be required to file a proof of claim on or before the Bar Date:

(a) any person or entity whose claim against a Receivership Entity is not listed in the Receiver's records, or is listed in the Receiver's records as contingent, unliquidated, or disputed, and that desires to participate in the receivership or share in any distribution from the receivership estate;

(b) any person or entity that believes its claim is improperly classified or is listed in an incorrect amount in the Receiver's records, and that desires to have its claim allowed in a classification or amount other than that identified in the Receiver's records; and

(c) any person or entity that believes its claim is not accurately reflected against the specific Receivership Entity against which it is asserted.

***B. Parties Not Required to File Proofs of Claim.***

23. The Receiver proposes that the following persons and entities, whose claims otherwise would be subject to the Bar Date, need not file a proof of claim:

(a) any person or entity that has already filed a signed proof of claim with the Receiver in a form substantially similar to the Proof of Claim Form;

(b) any person or entity whose claim has previously been allowed by order of the Court;

(c) any person or entity whose claim has been paid in full or otherwise fully satisfied by the Receiver;

(d) the Receiver, and any professional retained by the Receiver, with respect to claims for fees and expenses incurred in the administration of the receivership estate that are payable pursuant to order of the Court; and

(e) Spectrum, solely with respect to the claims asserted in its Complaint and secured by its asserted liens; provided that Spectrum shall not be excused from filing a proof of claim with respect to any deficiency, unsecured, or other claim not so asserted.

***C. The Proof of Claim Form.***

24. The Receiver proposes to require each claimant to submit an original written proof of claim substantially in the form attached to the Bar Date Order as **Exhibit 1**. Each proof of claim must specifically provide the following: (a) be written in English; (b) state a claim amount denominated in United States dollars; (c) identify the specific Receivership Entity against which the claim is asserted; (d) set forth the basis for the claim and whether it is asserted as secured, priority, or unsecured; (e) attach copies of any documentation supporting the claim (or, if voluminous, a summary and an explanation, with the underlying documentation to be provided to

the Receiver upon request); and (f) be signed by the claimant or an authorized agent or legal representative of the claimant.

25. The Receiver proposes that each proof of claim be filed so as to be *actually received* by the Receiver on or before the Bar Date, by U.S. Mail, overnight courier, hand delivery, or electronic mail, at the address(es) to be set forth in the Bar Date Notice. A proof of claim will be deemed timely filed only if actually received on or before the Bar Date.

**CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM**

26. The Receiver proposes that any person or entity that is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Receivership Entities, the Receiver, and the receivership estate, and from receiving any distribution from the receivership estate on account of such claim, and shall not be treated as a creditor with respect to such claim for purposes of any distribution in this receivership.

**PROCEDURES FOR PROVIDING NOTICE OF THE BAR DATE**

27. No later than five (5) business days after entry of the Bar Date Order, the Receiver proposes to cause the Bar Date Notice and a Proof of Claim Form (together, the "Bar Date Package") to be served by first-class mail (or electronic mail, where an electronic address is known) upon: (a) all known creditors and other known holders of claims against the Receivership Entities, at their last known addresses reflected in the Receivership Entities' books and records; (b) Spectrum and its counsel of record; (c) all parties that have entered an appearance or requested notice in this case; (d) all counterparties to contracts and leases with the Receivership Entities known to the Receiver; (e) the Pension Benefit Guaranty Corporation; (f) the Internal Revenue

Service and applicable state and local taxing authorities; and (g) the office of the attorney general for each state in which the Receivership Entities conduct or conducted business.

28. To provide notice to unknown creditors whose identities or addresses are not reasonably ascertainable from the Receivership Entities' books and records, the Receiver proposes to cause the Bar Date Notice to be published on one occasion, at least twenty-one (21) days before the Bar Date, in a newspaper of general circulation in the Mahoning Valley area and/or such other publication of general circulation as the Receiver determines to be appropriate. The Receiver may also post the Bar Date Notice to www.DailyDAC.com as well as any website maintained for this receivership.

29. The Receiver submits that the foregoing notice procedures are reasonably calculated, under the circumstances, to apprise known and unknown claimants of the Bar Date and afford them an opportunity to file proofs of claim and therefore satisfy the requirements of due process. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314–18 (1950) (The Supreme Court held that statutory notice by newspaper publication setting forth merely the name and address of the trust company, name and date of establishment of the common trust fund, and list of all participating estates, trusts, or funds was sufficient as to beneficiaries whose interests or whereabouts could not with due diligence be ascertained).

## BASIS FOR THE RELIEF REQUESTED

30. This Court's authority to administer the receivership estate and to establish an orderly claims process derives from both its inherent equitable powers and Ohio's receivership statute, R.C. Chapter 2735. *See* R.C. 2735.01 (governing the appointment of a receiver, including where an entity is insolvent or in imminent danger of insolvency); R.C. 2735.04 (setting forth the powers of a receiver acting under the control of the appointing court, including the authority to

collect and compromise demands and to "generally do any other acts that the court authorizes"). Consistent with these provisions and the Court's general equity jurisdiction, the Court is empowered to fix a bar date and approve claims-administration procedures.

31. A district court overseeing an equity receivership has broad powers and wide discretion to fashion relief and to establish procedures for the orderly administration of the receivership estate, including the power to fix a deadline for the filing of claims and to establish a claims-administration process. *See SEC v. Hardy*, 803 F.2d 1034, 1037–38 (9th Cir. 1986); *SEC v. Wencke*, 783 F.2d 829, 837 n.9 (9th Cir. 1986); *see also Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006) (recognizing the district court's broad equitable authority to supervise a receivership and administer estate assets).

32. The establishment of a claims bar date is an essential and routine component of receivership administration. A bar date allows the Receiver and parties in interest to determine and evaluate the liabilities of the estate, promotes the prompt and orderly resolution of claims, and prevents the uncertainty, expense, and delay that would result from an open-ended claims process. Establishing the Bar Date is therefore in the best interests of the receivership estate and all parties in interest.

33. The proposed procedures provide claimants with clear instructions and ample opportunity to submit proofs of claim, while permitting the Receiver to administer the estate efficiently and cost-effectively. Accordingly, the Receiver submits that the Bar Date, the Proof of Claim Form, and the form and manner of the Bar Date Notice are appropriate under the circumstances and should be approved.

## NOTICE

34. The Receiver will provide notice of this Motion to: (a) counsel for Spectrum; (b) all parties that have entered an appearance or requested notice in this case; and (c) such other parties as the Court may direct. The Receiver submits that, in light of the nature of the relief requested, no other or further notice of this Motion need be given.

## CONCLUSION

**WHEREFORE**, the Receiver respectfully requests that the Court enter the Bar Date Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other and further relief as the Court deems just and proper.

Dated: August 27, 2026

Respectfully submitted,

*<u>/s/ Christopher B. Wick</u>*
Christopher B. Wick (0073126)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 621-0150
Facsimile: (216) 241-2824
E-mail: cwick@hahnlaw.com

*Attorneys for KCP Advisory Group LLC*