**EXHIBIT A**

*Proposed Bar Date Order*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SPECTRUM COMMERCIAL FINANCE, LLC, | Case No. 4:26-cv-01628 |
| Plaintiff, | Judge John R. Adams |
| v. | Magistrate Judge Carmen E. Henderson |
| SCHWEBEL BAKING COMPANY, et al., | |
| Defendants. | |

**ORDER (I) ESTABLISHING A BAR DATE FOR FILING PROOFS OF CLAIM, (II) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion") of KCP Advisory Group LLC, through Jacen Dinoff, the duly appointed and acting receiver (the "Receiver") for the receivership estate of Schwebel Baking Company and its affiliated defendants (collectively, the "Receivership Entities"), for entry of an Order (this "Bar Date Order") (a) establishing a deadline for filing proofs of claim against the Receivership Entities, (b) approving the form of and manner for filing proofs of claim, and (c) approving the form and manner of notice of the Bar Date, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to its general equity jurisdiction, the provisions of Ohio Revised Code Chapter 2735 (R.C. 2735.01, *et seq.*), and the terms of the *Agreed Order Appointing Receiver* [ECF No. 9] (the "Receiver Order"); and this Court having found that venue of this proceeding is proper in this District; and this Court having found that the relief requested in the Motion is in the best interests of the receivership estate and all parties in interest; and this Court having found that the Receiver's notice of the Motion was adequate and sufficient under the circumstances and that no other or further notice need be provided; and this

Court having reviewed the Motion; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** as set forth herein.

## I. The Proof of Claim Form

2. The proof of claim form, substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form"), is approved.

## II. The Bar Date and Procedures for Filing Proofs of Claim

3. ***The Bar Date:* October 15, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "Bar Date") is established as the last date and time by which each person or entity holding or asserting a claim against any of the Receivership Entities or the receivership estate that arose, or is deemed to have arisen, prior to July 21, 2026 (the "Receivership Date") must file a written proof of claim so that it is actually received by the Receiver on or before the Bar Date.

4. Except as otherwise set forth herein, the Bar Date applies to every person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) holding or asserting a claim of any kind against any of the Receivership Entities or the receivership estate that arose, or is deemed to have arisen, prior to the Receivership Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and contingent, unliquidated, or disputed claims.

5. As used herein, the term "claim" means any right to payment, or right to an equitable remedy for breach of performance giving rise to a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

## III. Parties Required to File Proofs of Claim

6. Except as otherwise set forth herein, the following persons and entities holding claims against the Receivership Entities are required to file a proof of claim on or before the Bar Date:

(a) any person or entity whose claim against a Receivership Entity is not listed in the Receiver's records, or is listed in the Receiver's records as contingent, unliquidated, or disputed, and that desires to participate in the receivership or share in any distribution from the receivership estate;

(b) any person or entity that believes its claim is improperly classified or is listed in an incorrect amount in the Receiver's records, and that desires to have its claim allowed in a classification or amount other than that identified in the Receiver's records; and

(c) any person or entity that believes its claim is not accurately reflected against the specific Receivership Entity against which it is asserted.

## IV. Parties Not Required to File Proofs of Claim

7. The following persons and entities, whose claims otherwise would be subject to the Bar Date, need not file a proof of claim:

(a) any person or entity that has already filed a signed proof of claim with the Receiver in a form substantially similar to the Proof of Claim Form;

(b) any person or entity whose claim has previously been allowed by order of the Court;

(c) any person or entity whose claim has been paid in full or otherwise fully satisfied by the Receiver;

(d) the Receiver, and any professional retained by the Receiver, with respect to claims for fees and expenses incurred in the administration of the receivership estate that are payable pursuant to order of the Court; and

(e) Spectrum Commercial Finance, LLC ("Spectrum"), solely with respect to the claims asserted in its Complaint and secured by its asserted liens; provided that Spectrum shall not be excused from filing a proof of claim with respect to any deficiency, unsecured, or other claim not so asserted.

## V. Substantive Requirements of Proofs of Claim

8. The following requirements shall apply with respect to filing and preparing each proof of claim:

(a) **Contents.** Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) identify the specific Receivership Entity against which the claim is asserted; (iv) set forth the basis for the claim and whether it is asserted as secured, priority, or unsecured; (v) conform substantially with the Proof of Claim Form; and (vi) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b) **Supporting Documentation.** Each proof of claim must include copies of any documentation supporting the claim. If such documentation is voluminous, the proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any claimant that includes only a summary shall be required to transmit all such supporting documentation to the Receiver upon request no later than ten (10) days from the date of such request.

(c) **Identification of the Receivership Entity.** Each proof of claim must clearly identify the Receivership Entity against which a claim is asserted. A proof of claim filed without identifying a specific Receivership Entity will be deemed as filed against Schwebel Baking Company.

(d) **Claim Against Multiple Receivership Entities.** Unless otherwise ordered by the Court, each proof of claim must state a claim against only one Receivership Entity and clearly indicate the Receivership Entity against which the claim is asserted. To the extent more than one Receivership Entity is listed on a proof of claim, such claim may be treated as if filed only against the first-listed Receivership Entity.

(e) **Timely Service.** Each proof of claim must be filed, including supporting documentation, so as to be ***actually received*** by the Receiver on or before the Bar Date, by (i) first-class mail, overnight courier, hand delivery, or messenger, or (ii) electronic mail, at the applicable address set forth below:

**By First Class Mail, Overnight Courier, Hand Delivery, or Messenger:**
**Schwebel Baking Company Receivership — Claims Processing**
**c/o KCP Advisory Group LLC**
**700 Technology Park Drive, Suite 212**
**Billerica, MA 01821**
**By Electronic Mail: Schwebelclaims@kcpadvisory.com**

A proof of claim will be deemed timely filed only if it is actually received by the Receiver on or before the Bar Date.

(f) **Receipt of Service.** Claimants wishing to receive acknowledgment that their proofs of claim were received by the Receiver must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Receiver) and (ii) a self-addressed, stamped envelope.

## VI. Identification of Known Creditors

9. The Receiver shall mail notice of the Bar Date to known creditors and their counsel of record (if known), and such mailing shall be made to the last known mailing address for each such creditor as reflected in the Receivership Entities' books and records.

## VII. Procedures for Providing Notice of the Bar Date

### A. *Mailing of Bar Date Notice*

10. The Bar Date Notice, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), is approved.

11. No later than five (5) business days after entry of this Order, the Receiver shall cause the Bar Date Notice and a Proof of Claim Form (together, the "Bar Date Package") to be served by first-class mail (or electronic mail, where an electronic address is known) upon: (a) all known creditors and other known holders of claims against the Receivership Entities, at their last known addresses reflected in the Receivership Entities' books and records; (b) Spectrum and its counsel of record; (c) all parties that have entered an appearance or requested notice in this case; (d) all counterparties to contracts and leases with the Receivership Entities known to the Receiver; (e) the Pension Benefit Guaranty Corporation; (f) the Internal Revenue Service and applicable state and local taxing authorities; and (g) the office of the attorney general for each state in which the Receivership Entities conduct or conducted business

12. After the initial mailing of the Bar Date Package, the Receiver may, in the Receiver's discretion, make supplemental mailings of notices or packages, including in the event

that (a) notices are returned by the post office with forwarding addresses, (b) certain parties decline to pass along notices and instead return names and addresses to the Receiver for direct mailing, or (c) additional potential claimants become known as a result of the Bar Date mailing process. Any such supplemental mailing made up to twenty-one (21) days in advance of the Bar Date shall be deemed timely, and the Bar Date shall be applicable to the recipient creditors.

**B. *Publication of Bar Date Notice***

13. The Receiver is authorized, but not directed, to cause the Bar Date Notice to be published on one occasion, at least twenty-one (21) days before the Bar Date, in a newspaper of general circulation in the Mahoning Valley area and/or such other publication of general circulation as the Receiver determines to be appropriate, and to post the Bar Date Notice to www.DailyDAC.com and any website maintained for this receivership. Such publication shall constitute good, sufficient, and adequate notice of the Bar Date to all known and unknown claimants whose identities or addresses are not reasonably ascertainable from the Receivership Entities' books and records.

## VIII. Consequences of Failure to File a Proof of Claim

14. Any person or entity that is required, but fails, to file a proof of claim on or before the Bar Date in accordance with this Order shall be forever barred, estopped, and enjoined from asserting such claim against the Receivership Entities, the Receiver, and the receivership estate, and from receiving any distribution from the receivership estate on account of such claim, and shall not be treated as a creditor with respect to such claim for purposes of any distribution in this receivership.

## IX. **Claims Objection Procedures**

15. The Receiver shall review the Claim Forms and reconcile them against records in the possession of the Receiver and/or the Receivership Estates. The Receiver shall make an initial determination regarding whether to object to a given Claim on any grounds, including (i) discrepancies between the amount claimed and the amount reflected in the records in the possession of the Receiver and/or the Receivership Estates, (ii) duplication of another Claim, (iii) disputes regarding the nature of the asserted Claim, and/or (iv) the failure of a Claimant to timely file its Claim Form.

16. Following the Receiver's initial review, the Receiver will, as necessary, object to Claims ("Objections"). For the sake of efficiency and the Court's convenience, the Receiver shall endeavor (when appropriate) to group similar objections together by filing one or more omnibus objections to Claims ("Omnibus Objections"). Allowing Omnibus Objections will enable the Receiver to avoid burdening the Court's docket with numerous individual objections based on substantially similar legal premises, and in doing so will prevent unnecessary waste and expense.

17. The Receiver shall serve Objections on each affected Claimant via First Class mail, at the address of the Claimant given in the Claim Form, as well as CM/ECF notice if applicable. Objections shall provide a brief description of the basis of the objection(s), and inform Claimant that it must respond to the Objection within thirty (30) days of service of the Objection, or the Claim in question shall be disallowed. As specifically set out in the Claim Form, by filing a Claim Form, the Claimant will have submitted to this Court's non-exclusive jurisdiction for purposes of resolving the Claim and any related setoff or counterclaim. If the Receiver resolves an Objection through settlement, the Receiver will file a notice of settlement on limited notice to Plaintiff and

the Defendants, the parties affected by the Objection and such other parties in interest as this Court may direct and then submit stipulated orders to the Court for approval of such settlements if no response or objection to the proposed settlement is filed within ten (10) days of the date of service.

18. In the event the Receiver is unable to resolve a disputed claim, the Receiver will request a preliminary hearing on at least fifteen (15) days' notice to resolve such dispute and to determine appropriate procedures for resolving such dispute.

19. Once all of the Claims have been reconciled, the Receiver will separately seek Court approval of a plan of distribution to Claimants with allowed claims, before making any distributions.

## X. Miscellaneous

20. **Reservation of Rights.** Nothing in this Order shall be construed as a waiver of the Receiver's right to dispute, or to assert any offset or defense against, any claim filed or asserted against the Receivership Entities as to amount, liability, priority, classification, or otherwise.

21. **Sufficiency of Notice.** Notice of the Bar Date in the manner set forth in this Order (including the Bar Date Notice and any publication and supplemental notices) constitutes adequate and sufficient notice of the Bar Date and satisfies the requirements of due process. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

22. The Receiver is authorized to take all actions necessary to effectuate the relief granted in this Order. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

23. **Retention of Jurisdiction.** The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Judge John R. Adams
United States District Court