**EXHIBIT 2**

*Bar Date Notice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPECTRUM COMMERCIAL FINANCE, LLC, | : | Case No.: 4:26-cv-01628 |
| | : | |
| Plaintiff, | : | Judge John R. Adams |
| | : | |
| v. | : | Magistrate Judge Carmen E. |
| | : | Henderson |
| SCHWEBEL BAKING COMPANY, *et al.* | : | |
| | : | |
| Defendants. | : | |

---

**NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM**

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST SCHWEBEL BAKING COMPANY OR ANY OF THE OTHER RECEIVERSHIP ENTITIES:**

**PLEASE TAKE NOTICE THAT:**

On July 16, 2026, Spectrum Commercial Finance, LLC ("Spectrum") commenced the above-captioned action against Schwebel Baking Company and its affiliated defendants (collectively, the "Receivership Entities") in the United States District Court for the Northern District of Ohio, Eastern Division (the "Court").

On July 21, 2026 (the "Receivership Date"), the Court entered the *Agreed Order Appointing Receiver* [ECF No. 9], appointing KCP Advisory Group LLC, through Jacen Dinoff, as receiver (the "Receiver") for the receivership estate of the Receivership Entities.

On _______________, 2026, the Court entered an order [ECF No. ____] (the "Bar Date Order") establishing the deadline by which parties holding claims against the Receivership Entities that arose prior to the Receivership Date must file proofs of claim.

For your convenience, enclosed with this notice (this "Bar Date Notice") is a Proof of Claim Form.

As used in this Notice, the term "claim" means any right to payment, or right to an equitable remedy for breach of performance giving rise to a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

## I. The Bar Date

The Bar Date Order establishes **October 15, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "Bar Date") as the last date and time by which each person or entity holding or asserting a claim against any of the Receivership Entities that arose, or is deemed to have arisen, prior to the Receivership Date must file a written proof of claim so that it is ***actually received*** by the Receiver on or before the Bar Date. The Bar Date applies to all types of claims that arose before the Receivership Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and contingent, unliquidated, or disputed claims.

## II. Who Must File a Proof of Claim

Except as otherwise set forth herein, the following persons and entities holding claims against the Receivership Entities that arose (or that are deemed to have arisen) before the Receivership Date ***must*** file proofs of claim on or before the Bar Date:

(a) any person or entity whose claim against a Receivership Entity is not listed in the Receiver's records, or is listed in the Receiver's records as contingent, unliquidated, or disputed, and that desires to participate in the receivership or share in any distribution from the receivership estate;

(b) any person or entity that believes its claim is improperly classified or is listed in an incorrect amount in the Receiver's records, and that desires to have its claim allowed in a classification or amount other than that identified in the Receiver's records; and

(c) any person or entity that believes its claim is not accurately reflected against the specific Receivership Entity against which it is asserted.

## III. Parties Who Do Not Need to File Proofs of Claim

The following persons and entities, whose claims otherwise would be subject to the Bar Date, need ***not*** file proofs of claim:

(a) any person or entity that has already filed a signed proof of claim with the Receiver in a form substantially similar to the Proof of Claim Form;

(b) any person or entity whose claim has previously been allowed by order of the Court;

(c) any person or entity whose claim has been paid in full or otherwise fully satisfied by the Receiver;

(d) the Receiver, and any professional retained by the Receiver, with respect to claims for fees and expenses incurred in the administration of the receivership estate that are payable pursuant to order of the Court; and

(e) Spectrum, solely with respect to the claims asserted in its Complaint and secured by its asserted liens; *provided* that Spectrum shall not be excused from filing a

proof of claim with respect to any deficiency, unsecured, or other claim not so asserted.

## IV. Instructions for Filing Proofs of Claim

The following requirements shall apply with respect to filing and preparing each proof of claim:

(a) **Contents.** Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) identify the specific Receivership Entity against which the claim is asserted; (iv) set forth the basis for the claim and whether it is asserted as secured, priority, or unsecured; (v) conform substantially with the Proof of Claim Form; and (vi) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b) **Supporting Documentation.** Each proof of claim must include copies of any documentation supporting the claim. If such documentation is voluminous, the proof of claim may include a summary or an explanation as to why such documentation is not available; *provided* that any claimant that includes only a summary shall transmit all supporting documentation to the Receiver upon request no later than ten (10) days from the date of such request.

(c) **Identification of the Receivership Entity.** Each proof of claim must clearly identify the Receivership Entity against which the claim is asserted. A proof of claim filed without identifying a specific Receivership Entity will be deemed as filed against Schwebel Baking Company. Each proof of claim must state a claim against only one Receivership Entity; to the extent more than one is listed, the claim may be treated as filed only against the first-listed Receivership Entity.

(d) **Timely Service.** Each proof of claim must be filed, including supporting documentation, so as to be ***actually received*** by the Receiver on or before the Bar Date, by (i) first-class mail, overnight courier, hand delivery, or messenger, or (ii) electronic mail, at the applicable address set forth below:

**By First Class Mail, Overnight Courier, Hand Delivery, or Messenger:**
**Schwebel Baking Company Receivership — Claims Processing**
**c/o KCP Advisory Group LLC**
**700 Technology Park Drive, Suite 212**
**Billerica, MA 01821**
**By Electronic Mail: Schwebelclaims@kcpadvisory.com**

(e) **Receipt of Service.** Claimants wishing to receive acknowledgment that their proofs of claim were received must submit (i) a copy of the Proof of Claim Form (in addition to the original) and (ii) a self-addressed, stamped envelope.

## V. Consequences of Failing to Timely File Your Proof of Claim

Any person or entity that is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the Bar Date, please be advised that:

(a) **YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE RECEIVERSHIP ENTITIES, THE RECEIVER, AND THE RECEIVERSHIP ESTATE; AND**

(b) **YOU WILL NOT RECEIVE ANY DISTRIBUTION FROM THE RECEIVERSHIP ESTATE ON ACCOUNT OF SUCH CLAIM.**

## VI. Reservation of Rights

Nothing contained in this Notice is intended to or should be construed as a waiver of the Receiver's right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim reflected in the Receiver's records as to the nature, amount, liability, priority, or classification thereof; and (b) otherwise amend or supplement the Receiver's records.

## VII. Additional Information

If you require additional information regarding the filing of a proof of claim, you may contact the Receiver at (781) 313-8123 or by electronic mail at schwebelclaims@kcpadvisory.com. Copies of the Bar Date Order and other information regarding this receivership may be obtained from the Receiver upon request or at any website maintained for this receivership.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE RECEIVERSHIP ENTITIES SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**